# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7948 | **DATE** | 7/26/2010 |
| **CASE TITLE** | Clarke vs. Gregory | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to remand [7] is respectfully denied. This case is set for a status hearing on September 1, 2010 at 9:00 a.m. The parties are directed to submit an Initial Status Report, including a proposed discovery plan, on or before August 27, 2010.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I.      Background**

Plaintiff Mary Ruth Clarke initiated this lawsuit by filing a complaint in state court. In her amended complaint for declaratory judgment, Plaintiff alleges that she and Defendant Timothy Gregory attempted to create a contract. The putative contract, titled "Form of Collaboration Agreement (Dramatic)," is attached as Exhibit A to the amended complaint. The subject matter of the contract was a one-man play that Plaintiff and Defendant proposed to write based on the life of a historical figure named Dietrich Bonhoeffer. Plaintiff alleges that she and Defendant met on different occasions to create the play, but never formed a valid contract.

Plaintiff further avers that she proceeded to draft her own version of the one-man play, which she presented to Defendant. According to Plaintiff, Defendant then presented the draft to a third party, without Plaintiff's consent, breaching the attempted contract. Plaintiff subsequently "drafted a separate multi-actor play of similar subject matter without any assistance from the Defendant." Plaintiff alleges that Defendant claims ownership of Plaintiff's multi-actor play, and that Defendant's claim of ownership is preventing Plaintiff from attempting to exploit her work. On the basis of these allegations, Plaintiff seeks two declarations: (1) that the original contract is "voidable, never valid or breached by the Defendant" and (2) that the "second play is the sole property of the Plaintiff."

Defendant removed this case to federal court on the purported ground that Plaintiff's amended complaint states a claim for declaratory judgment of copyright ownership under the 1976 federal Copyright Act. Plaintiff subsequently filed a motion to remand [7].

| STATEMENT |
|---|

**II.     Analysis**

It is well settled law that a plaintiff's well-pleaded complaint is removable to federal court if it originally could have been filed in federal court – if, for example, one or more claims in the complaint arise under federal law. See, *e.g.*, *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). And federal courts have exclusive jurisdiction over actions that arise under the federal copyright laws. See 28 U.S.C. § 1338(a).

In her motion to remand, Plaintiff insists that this case must be returned to state court because the complaint seeks relief based solely on contract claims and does not contain a federal question. However, as Defendant observes, the original contract to write the one-man play as to which Plaintiff seeks a declaration of invalidity does not concern the second, multi-actor play as to which Plaintiff seeks a declaration of ownership. Any copyright to the second play to which Plaintiff may be entitled is wholly separate from the validity or invalidity of the putative contract. In essence, although Plaintiff's complaint is set forth in a single count, she has two separate claims for declaratory relief. Even if the Court were to conclude that the claim concerning the original contract is based solely on state contract law, disposition of the claim concerning Plaintiff's alleged ownership of the second play requires an application of federal statutory principles under the Copyright Act where, as here, there is no allegation that Defendant concedes that Plaintiff is the owner (or a co-owner) of the disputed work. See *Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004) (explaining that a claim seeking a declaration of copyright ownership cannot be answered without reference to the Copyright Act, and thus arises under federal law, unless ownership of the work is conceded by the defendant). In fact, the complaint affirmatively alleges that "Defendant is claiming ownership of the Plaintiff's multi-actor play" – an allegation that places this case squarely in federal court under the Seventh Circuit's teachings in *Gaiman*.

**III.     Conclusion**

In sum, for the reasons state above, Plaintiff's claim for a declaration pertaining to her alleged ownership of the "separate, multi-actor play" arises under federal law and confers subject matter jurisdiction on this Court under 28 U.S.C. §§ 1331 and 1338(a). Accordingly, Plaintiff's motion to remand [7] is respectfully denied.